IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-MJ-1170- RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANCISCO DAMIAN TORRES VICTORIA, )<br>)<br>Defendant. ) | O R D E R |

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On September 16, 2016, the government charged Defendant in a criminal complaint with violations of 18 U.S.C. §§ 922(g)(5), 924, and 1958. [DE-1]. In particular, the government alleges that on or about September 6, 2016, until the date of the complaint, Defendant possessed a firearm as an alien illegally and unlawfully in the United States, and that Defendant used a cellular telephone with the intent that a murder be committed in consideration for payment or something of value or the promise of such. *See id.*

At the commencement of the consolidated hearings, Defendant, who was represented by counsel, indicated to the court through a sworn interpreter his intention to waive the preliminary examination and detention hearing in this matter. Defendant and his counsel executed the requisite paperwork memorializing Defendant's desire to waive the preliminary examination and detention hearing in this case. After conducting an inquiry of Defendant through an interpreter and with his counsel in open court, this court finds that Defendant has waived his right to a preliminary examination and detention hearing knowingly and voluntarily and the court accepts Defendant's waiver of his right to a preliminary examination and detention hearing. Based on Defendant's

knowing and voluntary waiver, this court finds probable cause to hold Defendant over for the presentment of his case to the grand jury. Based on Defendant's waiver of his right to a detention hearing, there is no condition, or combination of conditions, that can be imposed which would reasonably assure Defendant's appearance and/or the safety of another person or the community.

Defendant is therefore committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States marshal for a court appearance.

So ordered, the 28th day of September 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

2

Case 7:16-mj-01170-RJ   Document 18   Filed 09/28/16   Page 2 of 2